By the Court,

Nelson, Ch. J.
The legal effect of the condition of the bond can be understood only by a reference to some of the sections of the statute under which it is given. ( The statute, 2 R. S. 493, § 1, sub. 3, makes every debt amounting to $50, or upwards, contracted by the master, owner or agent of any ship or vessel within the state, •on account of wharfage, and the expense of keeping her in port, including the expense incurred" in émplóying persons to watch her, a, lien upon the ship or vessel, her( tackle, <fcc. Provision is then made for seizing her" under an attachment, and also for discharging "her from the same by giving, the bond. By § 16, the attaching creditor in a suit upon the-bond shall state in the declaration his demand, alleging the work done, or expenses incurred, as the case may be, at the request of the master, &c., averring that the claim therefore was a subsisting lien on such vessel, at tile time of the exhibition thereof before the officer, and shall assign as a breach of the condition of the bond, the non-payment of the claim : to which declaration and to such assignment of breaches by § 17, the defendant may plead as in other actions of debt on bond. - From these provisions the legal effect of the condition appears obvious enough—it "is that the obligors shall pay all such claims and demands as have been exhibited 'before the officer issuing the attachment, and which shall be proved to be subsisting liens upon the vessel- within the meaning of the statute. The condition Contemplates a suit on the bond, and the establishment of the. lien by evidence at the trial. The counsel for.the plaintiff seems to suppose it enough, to establish the lien before the .officer, but this is clearly a mistake: the object of allowing the bond is to enable the defendant to litigqte the claim. • .
*263 The plea of general performance must, I think, be considered inappropriate, as a full compliance with the condition is impossible, till the amount of the lien is fixed by the verdict or judgment; and, for the same reason, I do not perceive how a special performance can consistently be pleaded. The plaintiff, however, instead of demurring, has replied in as general term's as the plea, taking. issue; and the question is, as to the effect of this issue in respect to the proof necessary, or admissible, to maintain or defend it. Pleading a general performance, where a special one is the appropriate plea, is but matter of form, and the objection available only on special demurrer. Cro. Eliz. 233. 5 Bacon, 464. So where this plea of general performance is put in, the plaintiff, instead of replying generally as is done here, should specify a particular breach, or breaches. 1 Saund. 117, n. 1, 2 id. 410, n. 3. . 2 id. 482, m 1 Chitty’s Pl. 556, 515. Now, if .we are to regard this plea as equivalent to a plea of special performance, which we must according to the cases and as answering fully the condition of the bond, then as the replication does nothing more than negative the performance, I do not perceive why the defendants should not be permitted .to introduce any evidence that might tend to establish it; they may controvert the ■ existence, or amount of the lien—or show payment of whatever sum is proved—as each view tends directly to sustain the plea, or in other words, a keeping of their coy-enant. The counsel for the plaintiff and the-judge at the circuit, have gone upon the idea that the plea set up a performance of the several matters contained in the declaration, ■ and tried the issue upon that view of the case ; but this is not the language nor legal effect of it, nor is it the meaning or effect of pleas of performance, generally, 2 Chitty’s Pl. 282, n. x\ The plea is generally in the words of the condition of the bond. “ Id ; 2. Saund. 404 ; Lord Arlington v. Merricke, 410, n. 3. The defendants are bound to fulfil their covenant. The plaintiff sets out what he considers a breach and claims a debt or damages; the defendants answer that they have kept their covenant, and regularly the plaintiff should in such case reply a specific breach or *264 breaches, which would bring tbe pleadings to distinct points, 1 Chitty’s Pl. 515, 556, 620; but here he has replied taking issue generally upon performance, thereby leaving his declaration, and putting the issue upon performance or not. The defendants held the affirmative, and it appears to me quite clear that any evidence tending to prove it, must be admissible, .
The case, as it stands upon these irregular pleadings, is not unlike the.issue formed by a plea of non infregii conventionem: which denies the breaches and puts in issue all such matters as show that the covenant is not . broken, or that the defendant was never, under an obligation to fulfil the one declared on, 7 Cow, 71; or like the case df a general replication to a plea of non damnificatus, which would he no more irregular than the one in this case, and where any evidence tending to disprove loss or damage by the plaintiff would be pertinent.
There must be a new trial; costs to abide event.